CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 20 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| MARIA DEL PILAR POSE BEIRO, | ) | |
| | ) | Civil Action No. 3:18CV00055 |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | By: Hon. Glen E. Conrad |
| LISA SHARP, et al., | ) | Senior United States District Judge |
| | ) | |
| Defendants. | ) | |

Maria Del Pilar Pose Beiro, proceeding pro se, commenced this action by filing a form complaint against the CFA Institute and its legal counsel, Lisa Sharp. The plaintiff has not paid the filing fee but will be granted leave to proceed in forma pauperis for purposes of initial review of her complaint. For the following reasons, the court concludes that the case must be dismissed for lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3).

## Background

According to the complaint, the plaintiff resides in London, England. She previously completed an exam offered through the CFA Institute in Charlottesville, Virginia. It appears that the plaintiff did not pass the exam. She alleges that the parties "verbally agreed" that she would receive a "retabulation with a regrade to a pass." Compl. 2, Docket No. 2. Although the plaintiff "recorded the conversation as proof" of the verbal agreement, the defendants have advised her that "no regrade offer" was made and that "they do not want to regrade [the plaintiff's] exam." Id. The plaintiff indicates that she wants to receive a passing score so that she can proceed to the next level of the program.

The form complaint includes a section regarding the "Basis for Jurisdiction." Id. at 3. In that section, the plaintiff indicates that she is invoking the court's federal question jurisdiction. Id. In response to a question regarding the statutory or constitutional provisions on which her complaint is based, the plaintiff cites to a provision of the Virginia Uniform Computer Information Transactions Act. See id. (citing Virginia Code § 59.1-507.1, titled "Breach of contract; material breach"). The plaintiff's complaint does not specify an amount in controversy.

### Standard of Review

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006). The court must dismiss a case "at any time" if the court determines that the complaint is "frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B).

Additionally, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, the court "must dismiss" an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court." Brickwood Contractors, Inc. v. Datanet Engineering, Inc., 369 F.3d 385, 390 (4th Cir. 2004).

### Discussion

Federal courts are courts of limited jurisdiction. "They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Generally, a case can be originally filed in a federal district court if there is

2

federal question jurisdiction under 28 U.S.C. § 1331 or diversity of citizenship jurisdiction under 28 U.S.C. § 1332.

Having reviewed the plaintiff's complaint, the court is constrained to conclude that it must be dismissed for lack of subject matter jurisdiction. The plaintiff has not alleged any violation of federal law that might support the exercise of jurisdiction under 28 U.S.C. § 1331, and the court is unable to discern any possible violation of federal law based upon the allegations contained in the complaint. See 28 U.S.C. § 1331 (limiting jurisdiction to claims "arising under the Constitution, laws or treaties of the United States"). Furthermore, the plaintiff's complaint fails to invoke the court's diversity jurisdiction under 28 U.S.C. § 1332, since it does not satisfy the threshold amount in controversy requirement. See 28 U.S.C. § 1332(a) (providing for diversity jurisdiction only "where the matter in controversy exceeds the sum or value of $75,000"); see also Hammes v. AAMCO Transmissions, Inc., 33 F.3d 774, 778 (7th Cir. 1994) ("In a diversity case, . . . it is not enough for the plaintiff to allege that the claim is within the diversity jurisdiction; the complaint must allege the citizenship of the parties and the amount in controversy.").

## Conclusion

For the reasons stated, the court will grant the plaintiff's motion for leave to proceed in forma pauperis. However, her complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

DATED: This 20th day of July, 2018.

_____
Senior United States District Judge